UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SHALOSHIER DAREENA CLAYBRONE,**

    *Plaintiff*,

v.

**JAMAR RASHAD DEAN, UNITED STATES OF AMERICA,**

    *Defendants*.

Case No. 5:25-CV-00467-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States of America's (the "United States") Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion").[1] *ECF No. 9*. Plaintiff Shaloshier Dareena Claybrone submitted a Response and an Amended Response, (*ECF Nos. 12, 13*), to which the United States submitted a Reply, (*ECF No. 15*). Upon consideration, the United States' Motion, (*ECF No. 9*), is granted.

## BACKGROUND

This case arises out of the alleged termination of, among other things, healthcare and housing benefits by the United States Navy after Plaintiff Shaloshier Dareena Claybrone's ("Claybrone") former spouse, Defendant Jamar Rashad Dean ("Dean"), submitted a notice of annulment. *See generally ECF No. 1*. The facts, taken from Claybrone's Complaint, (*ECF No. 1*), are as follows.

---

[1] Also before the Court are three other motions filed by Plaintiff Shaloshier Dareena Claybrone: (1) Motion for Default Judgment against Jamar Rashad Dean, (*ECF No. 8*); (2) Motion for Entry of Default against the United States of America, (*ECF No. 11*); and (3) Amended Motion to Strike Declaration and Demand for Proof of Representation Authority, (*ECF No. 14*).

Claybrone and Dean were lawfully married on November 5, 2012. *ECF No. 1 at 2*. Their son, Christopher Douglas ("Christopher"), was born on July 1, 2013. *Id*.

As alleged, "[o]n May 30, 2014, Dean submitted a forged annulment document to K. M. Roth, Acting Command Master Chief of Deck Department LCPO for Second Division LCPO, USS Arlington (LPD 24), purporting to nullify the lawful marriage without Claybrone's knowledge, consent, or legal notice." *Id*.

Dean used the annulment document to "wrongfully terminate Claybrone and Christopher's [Defense Enrollment Eligibility Reporting System ("DEERS")] eligibility, TRICARE [health benefits] coverage, housing benefits, and financial support." *Id. at 3*.

In October 2017, Claybrone suffered a transient ischemic attack and was unable to access necessary medical treatment due to the termination of her benefits. *Id. at 3*.

Despite being presented with evidence of fraud, including inconsistent Social Security numbers and other discrepancies on the annulment document, as well as proof of Claybrone and Dean's marital status, the United States Navy failed to take corrective action, verify the authenticity of the annulment document, or restore Claybrone and Christopher's benefits. *Id. at 3*.

Claybrone and Dean were officially divorced on November 17, 2020. *Id. at 3*.

Following these events, on April 29, 2025, Claybrone filed her Complaint. *ECF No. 1*. In the Complaint, Claybrone asserts a cause of action against Dean for forgery and fraud ("Count 1"). *Id. at 3*. Claybrone asserts causes of action against the United States for "dereliction of duty and professional misconduct" ("Count 3"), violation of due process rights ("Count 4"), and negligence ("Count 5"). *Id. at 4*. Against both Dean and the United States, Claybrone asserts a cause of action for "deprivation of benefits and healthcare access" ("Count 2"). *Id. at 4*. Claybrone

brings her causes of action against the United States pursuant to the Federal Tort Claims Act. *Id. at 2*.

The United States now moves to dismiss Claybrone's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *ECF No. 9*.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and possess "'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For that reason, a federal court must dismiss a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A motion filed under Federal Rule 12(b)(1) allows a party to challenge a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Federal Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161; *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).

## ANALYSIS

The United States claims in its Motion to Dismiss that "[b]y arguing the [United States] Navy wrongfully determined her eligibility for healthcare and housing benefits, Claybrone seeks

3

the Court to review and reverse the [United States] Navy's determination." *ECF No. 9 at 3*. In her responses, Claybrone does not dispute this characterization of her claims. *ECF Nos. 12, 13*.

I. **The Court Does Not Have Jurisdiction to Review Healthcare and Housing Benefits**

As stated, Claybrone brings her causes of action against the United States pursuant to the Federal Tort Claims Act. *ECF No. 1 at 2*. The Court provides no analysis as to whether Claybrone may or may not assert a cause of action, or have a "military pay case," before the United States Court of Federal Claims pursuant to the Tucker Act. *See* 28 U.S.C. § 1491; *see also White v. U.S.*, 175 Fed. Cl. 146, 151–158 (2025); *Wolfing v. U.S.*, 144 Fed. Cl. 516, 519–521 (2019).

A. **Healthcare Benefits**

The purpose of Title 10, Chapter 55, of the United States Code, titled "Medical and Dental Care," is "to create and maintain high morale in the uniformed services by providing an improved and uniform program of medical and dental care for members and certain former members of those services, and for their dependents." 10 U.S.C. § 1071. The Secretary of Defense is responsible for administering Chapter 55. *Id.* § 1073. Relevant here, "[a] determination of dependency by an administering Secretary under [Chapter 55] is conclusive. However, the administering Secretary may change a determination because of new evidence or for other good cause. The Secretary's determination may not be reviewed in any court or by the Comptroller General, unless there has been fraud or gross negligence." *Id.* § 1084. Courts have interpreted this provision, § 1084, to be "a clear jurisdiction-stripping provision." *Bokony v. U.S. Dept. of Def.*, No. 4:19-CV-00608, 2020 WL 7034536, at *2 (E.D. Ark. Nov. 30, 2020), *aff'd in part, rev'd in part and remanded sub nom. Bokony v. Dept. of Def.*, 851 Fed. Appx. 649 (8th Cir. 2021) (unpublished).

### B.  Housing Benefits

Title 37, Chapter 7, Section 403, of the United States Code, titled "Basic allowance for housing," states "a member of a uniformed service who is entitled to basic pay is entitled to a basic allowance for housing . . . " 37 U.S.C. § 403(a). The Secretary of Defense is responsible for administering Section 403, "and may make such determinations as may be necessary to administer [§ 403], including determinations of dependency and relationship." *Id.* § 403(k)(1)–(2). Relevant here, "[a]ny determination made under [§ 403] with regard to a member of the uniformed services is final and is not subject to review by any accounting officer of the United States or a court, unless there is fraud or gross negligence." *Id.* § 403(k)(2).

### C.  Claybrone Does Not Allege Fraud or Gross Negligence by the United States

The United States argues Claybrone does not allege fraud or gross negligence by the United States, but rather "the United States was simply negligent by not investigating the evidence of fraud." *ECF No. 9 at 4*. As a result, the United States further argues, "the Court lacks jurisdiction to review the [United States] Navy's eligibility determination." *Id.* at 4–5. In her Response, Claybrone does not address this argument, instead countering she "substantially complied with [Federal Tort Claims Act] requirements" regarding providing proper notice of her claims to the United States Navy. *ECF No. 12 at 1*.

As detailed above, Claybrone must have alleged fraud or gross negligence pursuant to the statutory text, 10 U.S.C. § 1084 and 37 U.S.C. § 403(k)(2), for the Court to have subject matter jurisdiction. If not, the Secretary of Defense's determinations are not subject to review.

In her Complaint, Claybrone does not allege fraud or gross negligence by the United States. As to fraud, "[a]n allegation of fraud (for jurisdictional purposes) would necessitate a plaintiff's alleging facts to establish some sort of wrongful government misrepresentation, and

5

reliance by the plaintiff." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 188 (2022). In her Complaint, Claybrone does not allege fraud by the United States, instead alleging Dean committed fraud by "submitting a forged annulment document." *ECF No. 1 at 3*.

Therefore, the Court concludes that the statutory bar on review precludes jurisdiction over Claybrone's Complaint. *E.g.*, *Bokony v. Dept. of Def.*, 851 Fed. Appx. 649, 650 (8th Cir. 2021) (unpublished); *see generally ECF No. 1*.

As stated, the Court provides no analysis as to whether Claybrone may or may not assert a cause of action, or have a "military pay case," before the United States Court of Federal Claims pursuant to the Tucker Act. *See* 28 U.S.C. § 1491; *see also White v. U.S.*, 175 Fed. Cl. 146, 151–158 (2025) *Wolfing v. U.S.*, 144 Fed. Cl. 516, 519–521 (2019). The Court also provides no analysis as to whether Claybrone may or may not assert a cause of action against Dean in another court, although the Court notes here Claybrone only alleges Dean defrauded the United States.

## II. The Court Will Not Allow Amendment as It Would Be Futile

Based upon these findings and conclusions, the Court will not provide Claybrone an opportunity to amend her Complaint. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977). The unambiguous statutory text and Claybrone's allegations reveal she cannot state a plausible cause of action for termination of, among other things, healthcare and housing benefits by the United States Navy after Claybrone's former spouse, Dean, submitted a notice of annulment. *See generally ECF No. 1*. Therefore, amendment would be futile.

## III. Service

Finally, the Court notes Claybrone failed to affect proper service in this lawsuit. Claybrone—a party to this action—mailed the summons and Complaint to Defendants herself, and as a result, service was defective under Federal Rule of Civil Procedure 4(c)(2). Thus,

Claybrone's attempt to serve Defendants was not proper under the Federal Rules or the rules of the relevant jurisdictions: Texas, South Carolina, or Washington D.C. *See* Tex. R. Civ. P. 103; SCRCP 4(c)(2); SUPER. CT. R. 4(b)(1).

## CONCLUSION

For the reasons stated, the United States' Motion, (*ECF No. 9*), is **GRANTED**. As such, Claybrone's causes of action are **DISMISSED WITHOUT PREJUDICE**. All other pending motions are **DENIED AS MOOT**, (*ECF Nos. 8, 11, 14*).

The Clerk of Court is **DIRECTED** to close this case.

It is so ORDERED.
SIGNED this 26th day of September, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE